# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1883.

## LEONARD K. SCROGGIN
v.
## J. R. BROWN.

PROFESSIONAL PROPRIETY.—As the brief of plaintiff in error clearly violates the ordinary and well known rules of professional propriety, it is ordered that the brief be stricken from the files, with leave to plaintiff in error to file another brief within ten days, couched in decorous language and respectful in its terms to the judge who tried the cause, the attorneys and all other persons mentioned therein.

ERROR to the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed November 24, 1883.

Messrs. BEACH & HODNETT, for plaintiff in error.

Messrs. BLINN & HOBLIT, for defendant in error.

PER CURIAM. The briefs filed in this case violate the well known practice of this court which requires that all briefs shall be respectful in language to the judge who tried the case below, the parties and their attorneys and the witnesses and other persons connected with the trial of the cause. We said in Smith v. Bingman, 3 Bradwell, 65: "We disapprove of the insinuations in the brief of appellee against the professional conduct of the attorney of appellant. Briefs should be respectful to the court, the parties and all persons named in them; and this

(338)

court will, as far as it has power, see that this rule is enforced."
Again in C. & A. R. R. Co. v. Bragonier, 13 Bradwell, 467,
in commenting on the briefs filed in that case we said: "Here-
after briefs containing offensive language will be promptly
stricken from the files."

The following statements are found in plaintiff's brief in
this case: On page 31 appears this statement: "Counsel for
Brown saw the trouble with that defense and tried to avoid it
by having Brown swear that he never made a usurious con-
tract with Scroggin, that nothing was said between them as
to what rate of interest he was to pay, and that he did not
know until about two years before the trial of this cause be-
low, that Scroggin was charging him 20 per cent. interest."

Again, on page 38, in commenting on the instructions,
counsel say: "The next instruction given for defendant would
seem to show that counsel for defendant and the court well
understood what the law was and gave that instruction for the
time being to be in harmony with it; but if the instruction
does show that fact, the instruction immediately following it
would as clearly show that the court as well as counsel were
trying to beat somebody, regardless of the law; because if the
third instruction is the law, the second instruction could not
be."

Again, on page 43, counsel say: "Evidently the instruction
given by the court does not properly state the law, and we
do not believe that it was intended that it should state the law
correctly; for if it had, under the proofs in this case, the de-
fendant would never have been permitted to go behind his
last settlement with Scroggin, and thereby his entire trumped-
up defense would have been shut off and taken from the con-
sideration of the jury."

These remarks of counsel so clearly violate the ordinary and
well known rules of professional propriety as to render it the
duty of this court to strike the brief containing them from
its files.

It is therefore ordered that the brief of plaintiff in error
be stricken from the files of this court, with leave to plaintiff
in error to file another brief within ten days, couched in dec-

orous language and respectful in its terms to the judge who tried the cause, the attorneys and all other persons mentioned therein.